# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. DIENER, as Trustee of the Michael A. Diener Trust, dated 12 June 2017; and MADELEINE F. MARSHALL, as Trustee of the Madeleine F. Marshall Trust, dated 3 March 2017,<br><br>Plaintiff,<br><br>v.<br><br>SUPER STRUCTURES FL, LLC, a Florida Limited Liability Company, also doing business as SUPER STRUCTURES OF FL, LLC; DENNIS H. CARTER; DEMETRIOUS G. ALEX also known as JIM ALEX; WALLACE S. FULTON also known as TRES FULTON; and DOES 1-100, inclusive.,<br><br>Defendants. | Case No. 1:22-cv-00394-JLT-SKO<br><br>ORDER GRANTING MOTION TO REMAND<br><br>(Doc. 9) |

## I.   INTRODUCTION

This construction-related state law breach of contract action was removed to this Court on April 1, 2022 based upon an allegation of diversity jurisdiction. (*See* Doc. 1.) Before the Court for decision is Plaintiffs' motion to remand, which is premised upon the arguments that: (1) removal was untimely, and (2) the LLC defendant's principal place of business is in California. (Doc. 5.) Defendants late-filed their opposition but contend removal was timely and that the principal place of business of the LLC defendant is both incorrect and irrelevant. (Doc. 8.) The Plaintiff replied,

requesting that the Court decline to consider the opposition and reiterating its positions regarding remand. (Doc. 13.) For the reasons set forth below, the motion to remand is **GRANTED**.

## II.   DISCUSSION

### A.   General Removal Standard

A defendant may remove a civil action from state to federal court so long as jurisdiction originally would lie in federal court. 28 U.S.C. § 1441(a). A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's complaint, or this fact is disclosed in other pleadings, motions, or papers "from which it may . . . be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b). For removal purposes, diversity must exist both at the time the action was commenced and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). The removing party bears the burden of proof. *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (noting the "near-canonical rule that the burden on removal rests with the removing defendant"). The removal statutes are to be strictly construed, and any doubts as to the right of removal must be resolved in favor of remanding to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

### B.   Timeliness of Opposition

As a threshold matter, Plaintiffs point out that Defendants filed their opposition five days late. The motion to remand was filed on April 29, 2022. (Doc. 5.) Pursuant to this Court's Local Rule 230(c), which was implemented on March 1, 2022 a material change to the manner by which opposition and reply deadlines are calculated, any opposition was due fourteen days after the motion's filling, or May 13, 2022. The opposition was not filed until May 18, 2022. No explanation for the late filing has been provided, even after the lateness was noted in Plaintiffs' opposition.

It is true that under Local Rule 230(c), the Court may construe the failure to timely file an opposition as a non-opposition to the motion, but nothing in the Local Rules or Federal Rules of Civil Procedure requires the Court to do so. The Court notes that around the time of the transition

to the Court's current version of Local Rule 230, numerous parties inadvertently calculated deadlines premised upon the prior version of that Rule, which back-calculated deadlines from the noticed hearing date. Here, that deadline would have been May 23, 2022, several days after the May 18, 2022 filing. Under the circumstances, the Court finds there was no prejudice to Plaintiffs because of the late filing, so it will be considered.

**C.      Timeliness of Removal**

A notice of removal of a civil action or proceeding "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b)(1).

Here, it is undisputed that the only method of service attempted by Plaintiffs on any Defendant was pursuant to California Code of Civil Procedure § 415.40 ("Section 415.40"), which provides:

> A summons may be served on a person outside this state in any manner provided by this article or by sending a copy of the summons and of the complaint to the person to be served by first-class mail, postage prepaid, requiring a return receipt. Service of a summons by this form of mail is deemed complete on the 10th day after such mailing.

(*See* Doc. 5 at 4.)

Regarding service on Super Structures LLC, it is undisputed that on February 7, 2022, Plaintiffs' counsel sent the relevant pleadings via U.S. Mail to the Registered Agent listed at the time of the mailing on the Florida Secretary of State website for the LLC; the mail was addressed to the Agent at an Orlando, Florida address provided on the Florida Secretary of State website. (Decl. of Eileen R. Jackson, Doc. 5-2, ¶ 3.) The return receipt on that mailing indicates it was received by someone at that address on February 11, 2022. (*Id*.) Though Defendant Carter avers in a Declaration attached to the opposition that service on the LLC was not sent to the correct address, (*see* Docs. 1-2, ¶ 3–4), he fails to explain why this is the case, as the address on the proof

3

of mailing provided by Plaintiffs matches the address Defendant Carter indicates is the proper address for the LLC.

Plaintiffs suggest that service by mail on the LLC was sufficient to trigger the 30-day removal clock for all the defendants. (Doc. 13 at 3.) This is incorrect. The time for filing a notice of removal runs as to each defendant independently. The statute itself provides as much: "Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons . . . to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B). "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent the removal even though that earlier-served defendant did not previously initiate or consent to removal." 28 U.S.C. § 1446(b)(2)(C); *see also Alapati v. City & Cnty. of San Francisco*, No. 20-CV-08058-SI, 2021 WL 3630461, at *1 (N.D. Cal. Aug. 17, 2021). The case Plaintiff cites for the contrary position, *Mitsui Lines Ltd. v. CSX Intermodal Inc.*, 564 F. Supp. 2d 1357, 1359 (S.D. Fla. 2008), is not from within the Ninth Circuit and is premised upon an older version of the removal procedure statute.

Alternatively, Plaintiff suggests that all the individual Defendants should be deemed to have had constructive notice of the lawsuit by virtue of service on the LLC Defendant. In support of this position, Plaintiff cites a 1997 unpublished decision from outside this Circuit, *Recyclers Consulting Group, Inc. v. IBM-Japan, Ltd.*, No. 96 Civ. 2137(JFK) 1997 WL 6615014, (S.D.N.Y, Oct. 3, 1997). Since then, the Supreme Court has made it clear that only formal service of process triggers the thirty-day clock on removal. *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999); *see also Lynch v. Liberty Debt Sol., LLC*, No. 8:18-CV-02297-JLS-ADS, 2019 WL 1398901, at *2 (C.D. Cal. Mar. 28, 2019) (declining to apply concept of constructive notice of a lawsuit to trigger removal clock).

Therefore, the Court must examine the timing of service as to the remaining individual Defendants: Dennis H. Carter, Demetrious G. Alex, and Wallace S. Fulton. It is undisputed that Plaintiff mailed each individual defendant copies of the relevant documents via first class mail, with return receipts requested. (*See* Doc. 5 at 4.) All three sets of documents were sent to the same address in Palm Harbor, Florida—an address Plaintiffs' counsel obtained from the LLC's

4

corporate filings with the State of Florida. (Doc. 5-1 at 4–5 (Florida Department of Corporations Filing for Super Structures FL, LLC, indicating all three individual Defendants were "authorized persons" for the LLC and could be reached at the Palm Harbor address); *see also* Doc. 5-2 at 11, 15, 19.) Each piece of mail bears postmark dates of February 7, 2022. (Doc. 8-1 at 38–41.) The U.S. Postal Service tracking information associated with those mailings indicates that the mail made it to the Palm Harbor address on February 11, 2022, but that the "Notice [was] Left (No Authorized Recipient Available.)" (Doc. 13-1.) The next entry on the tracking for each of those mailings is on March 6, 2022, which indicate the mail was redirected to a Gainsville, Florida distribution center. (*Id.*) Eventually, the items were re-routed to a forwarding address in Kissimmee, Florida—apparently the home address of Defendant Dennis H. Carter (*see* Doc. 8 at 12)—where Defendant Carter signed the return receipts on March 11, 2022. (Doc. 5-2 at 11, 15, 19.)

Defendants argue that Defendants Alex and Fulton have never been properly served because the Palm Harbor address was "defunct" and the eventual end point of the mail, in Kissimee, was Defendant Carter's home address, not an address associated with Alex or Fulton. (Doc. 8 at 12.) But if the Palm Harbor address was defunct, Plaintiffs had no reason to know so, because that address was listed as the contact point for all individual Defendants on the then-current Florida corporate registration documents. Defendants—who have the burden of proof to establish that removal was proper—have not pointed to any authority or documentation to support their position that service to the Palm Harbor address was insufficient as to the individual Defendants.

The fact remains, however, that no one signed a return receipt for any of the mail intended for the three individual Defendants until March 11, 2022. Plaintiffs nonetheless insist that service was complete as to all Defendants—the LLC and the individual Defendants—on the tenth day following the mailing of the documents to them. (Doc. 5 at 4.) Given that all documents were postmarked February 7, 2022, the tenth day thereafter would have been February 17, 2022. Because the Notice of Removal was not filed until April 1, 2022, Plaintiffs maintain that the Notice was untimely. (*Id.*)

5

The sufficiency of service of process prior to removal from state court is determined by state law. *Lee v. City of Beaumont*, 12 F.3d 933, 936–37 (9th Cir. 1993), overruled on other grounds, *California Dept. of Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1096 (9th Cir. 2008). As mentioned, California law provides that service is effective ten days after mailing of the summons and complaint. Cal. Code Civ. Proc. § 415.40; *see also Johnson & Johnson v. Superior Court*, 38 Cal. 3d 243, 250 (1985) (Section 415.40 provides that service pursuant to its provisions "is deemed complete on the 10th day after . . . mailing."). Defendants correctly point out that to prove service by mail pursuant to Section 415.40, a party must present some hard evidence of delivery. Cal. Civ. Proc. Code § 417.20 ("[I]f service is made by mail pursuant to Section 415.40, proof of service shall include evidence satisfactory to the court establishing actual delivery to the person to be served, by a signed return receipt or other evidence."). But the requirement of proof of receipt does not mean, as Defendants suggest, that the date of receipt operates as the date of service. To the contrary, Section 415.40 is very clear: service is deemed effective on the tenth day after mailing. The California Supreme Court underscored this point in *Johnson & Johnson*:

> Petitioner's second argument is that service was effected on the date the summonses were actually received. Petitioner cites as authority [California Code of Civil Procedure §] 415.30, which provides an alternate method of service by mail. Under that section, service "is deemed complete on the date a written acknowledgment of receipt of summons is executed, if such acknowledgment thereafter is returned to the sender." (§ 415.30, subd. (c).) Petitioner claims that section 415.40, the statute at issue here, is "substantially similar" to section 415.30. However, section 415.30 contains specific language that actual receipt is the time of effective service. No such language can be found in section 415.40.
>
> Clearly, when the Legislature intends that service is not to be effective until the date of actual receipt, it knows how to say so. In section 415.40, it chose instead to make the date of mailing determinative. Section 415.40 provides that service pursuant to its provisions "is deemed complete on the 10th day after . . . mailing."

*Johnson & Johnson*, 38 Cal. 3d at 249–50.

Considering these authorities, the Court deems service effective here as to all Defendants on February 17, 2022. The Notice of Removal was therefore due March 14, 2022 (the Monday following the expiration of the thirty-day period on Saturday, March 12, 2022).

6

The only remaining argument Defendants make in favor of a finding of timeliness is their assertion that they are entitled to equitable tolling of the thirty-day deadline. Plaintiffs cite *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 (5th Cir. 2003) (superseded by statute), for the proposition that the 30-day removal deadline can be equitably tolled. *Tedford* does not support this assertion. *Tedford* only addressed the one-year limitation provision within § 1446(c)(1) ("A case may not be removed . . . on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action."). The Court could not locate a single case within the Ninth Circuit that expanded equitable tolling to the 30-day deadline set forth in § 144(b)(1). *See Three Pirates, LLC v. Shelton Bros., Inc*., No. 3:16-CV-01054-JE, 2016 WL 6534523, at *4 (D. Or. Sept. 27, 2016), report and recommendation adopted, No. 3:16-CV-01054-JE, 2016 WL 6561557 (D. Or. Nov. 1, 2016) (finding "no case which supports such an expansion of equitable tolling"); *but see Olson v. Lui*, No. CIV. 11-00396 ACK, 2011 WL 5330445, at *6 (D. Haw. Nov. 4, 2011) (applying equitable tolling to the 30-day deadline for moving to remand a case set forth in 28 U.S.C. § 1447(c)). Even if equitable tolling could be applied here, the Court would not find it appropriate to do so. Plaintiffs relied on the addresses listed in the Florida Secretary of State filings for the individual Defendants. Defendants have offered no specific explanation why that "defunct" address remained on file with Florida authorities. Defendants do not have clean hands. Any delays in service were the result of their own lack of diligence related to their corporate filings.

### III.   CONCLUSION AND ORDER

For the reasons set forth above, the motion to remand (Doc. 5) is **GRANTED**. The matter is remanded to the Superior Court for the County of Mariposa.

IT IS SO ORDERED.

Dated:   **May 25, 2023**

　　　　　　　　　　　　　　　　　　　　*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE